UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KAREL KLARENBEEK,

        Plaintiff,

v.                                            Case No.: 6:23-cv-2213-WWB-EJK

GEICO GENERAL INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Transfer and Incorporated Motion to Remand ("**Motion to Remand**," Doc. 14)[1] and Defendant's Response in Opposition (Doc. 18). For the reasons set forth herein, the Motion to Remand will be granted in part.

**I.    BACKGROUND**

On March 27, 2018, Plaintiff's vehicle was hit by a negligent driver, resulting in significant injuries. (Doc. 1-9 at 2). At the time of the accident, Plaintiff had an insurance policy with Defendant that provided uninsured motorist benefits. (*Id.*). Defendant failed to tender the uninsured motorist benefits under the policy. (*Id.*). On April 3, 2019, Plaintiff filed a lawsuit arising from the accident and on June 18, 2021, the jury returned a verdict in favor of Plaintiff in excess of the uninsured motorist policy limits. (*Id.*). As a result,

---

[1] Plaintiff's Motion fails to comply with this Court's January 13, 2021 Standing Order. In the interests of justice, the Court will consider the filings, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

Plaintiff filed a one count Complaint (Doc. 1-9) alleging statutory bad faith against Defendant in state court. (*See generally id.*). Defendant removed the case to this Court on the basis of diversity jurisdiction. (Doc. 1 at 1).

## II. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a district court may have original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States." In determining the amount in controversy, the relevant question is whether the plaintiff seeks damages in excess of the jurisdictional limit, not whether the plaintiff will actually recover sufficient damages. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). In that vein, "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Id.* (citing cases).

"The substantive jurisdictional requirements, however, are not the only hurdles that a removing defendant must clear. There are also procedural requirements regarding the timeliness of removal." *Id.* at 756. A defendant must remove the case within thirty days of learning that the case is removable and may not remove a case "on the basis of jurisdiction conferred by [§ 1332] more than [one] year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(b), (c)(1). If the Court "finds that

2

the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith." *Id.* § 1446(c)(3)(B).

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Any doubt as to "jurisdiction should be resolved in favor of remand to state court." *Id.*

## III.  DISCUSSION

The parties do not dispute that there is complete diversity of citizenship in this case or that the amount in controversy exceeds $75,000, and the Court is satisfied that Defendant has sufficiently established these elements for removal purposes. However, Plaintiff argues that Defendant's removal is procedurally improper. Before the Court can address the merits of Plaintiff's Motion to Remand, the Court must first set forth the somewhat complicated procedural history of this case, which gives rise to the parties' dispute regarding removal.

After the jury rendered a verdict in his favor, Plaintiff initially sought leave to amend the pleading in the underlying litigation to add his statutory bad faith claim. (Doc. 14 at 2). When Plaintiff's request was denied, he filed the instant lawsuit on March 22, 2023. (*Id.*; Doc. 1-9 at 4). Defendant removed the case on June 9, 2023, and it was assigned to the Honorable Judge Paul Byron. *See Klarenbeek v. GEICO Gen. Ins. Co.*, Case No. 6:23-cv-1085, Docket 1 ("**Klarenbeek I**"). While Klarenbeek I remained pending, on October 18, 2023, a final judgment was entered in the underlying litigation. (Doc. 1-4 at

3

1–4).[2]  On November 7, 2023, Judge Byron entered an Order remanding Klarenbeek I to state court.  *Klarenbeek I*, Docket 27, at *7 (M.D. Fla. Nov. 7, 2023).  Therein, Judge Byron determined that Plaintiff's bad faith claim was not ripe for adjudication because "the damages determination on which the action depends has not fully crystalized[,]" because the appellate process remained open.  *Id.* at *5–6.  Roughly one week later, Defendant removed the case again, noting that it "is not taking an appeal of the October 18, 2023, Final Judgment."  (Doc. 1 at 3 n.1).

First, Plaintiff seeks transfer of this case to Judge Byron pursuant to Local Rule 1.07(a)(1), which provides that "[i]f an action is docketed, assigned, and terminated; later re-filed without a material change in the issues or the parties; and assigned to a judge other than the judge originally assigned, the originally assigned judge should accept the transfer."  However, having considered the procedural and factual posture of both cases, the Court finds that there has been a material change in the issues to be resolved and that the transfer of this case would not serve judicial economy.  Therefore, Plaintiff's request will be denied.

Second, Plaintiff argues that this case should be remanded because removal was not timely.  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  28 U.S.C. § 1446(b)(1).  However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant,

---

[2] Although the Final Judgment is dated October 17, 2022, (*see* Doc. 1-4 at 4), the parties agree that final judgment was rendered on October 18, 2023, so the Court uses that date.  (*See* Doc. 14 at 2–3; Doc. 18 at 2).

4

through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  Here, the parties dispute if the case stated by the original pleading was removable at the time it was filed.  Plaintiff argues that despite the Article III infirmities, the case was immediately removable under 28 U.S.C. § 1332 because the parties were diverse and the amount in controversy exceeded $75,000.  Defendant, however, argues that the case did not become removable until Plaintiff's bad faith claim became ripe.

Pursuant to § 1441, "any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, may be removed . . . ." 28 U.S.C. § 1441(a) (emphasis added).  Section 1332 provides that "[t]he district courts shall have *original jurisdiction* of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a) (emphasis added).  Therefore, as Plaintiff argues, the only requirements for original jurisdiction set forth in § 1332 are complete diversity of citizenship and the amount in controversy.  The statute does not mention questions of standing or justiciability or impose other limitations on the existence of original jurisdiction. *See Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1221–22 (S.D. Fla. 2020); *Marrero v. GEICO Gen. Ins. Co.*, No. 12-80133-CIV, 2012 WL 13024105, at *3 (S.D. Fla. May 16, 2012).  Defendant fails to direct this Court to any contrary authority or to address Plaintiff's argument regarding the difference between the issues of original jurisdiction and subject-matter jurisdiction.  Furthermore, Defendant concedes that it was aware that the citizenship and amount in controversy requirements were met when it

attempted to remove Klarenbeek I.  Therefore, based on the plain language of the removal statues and construing them in favor of remand, as the Court must, the Court finds that removal was untimely under § 1446 and this case must be remanded.

Plaintiff also argues that he should be awarded his attorney fees and costs incurred as a result of Defendant's removal.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  Plaintiff argues that Defendant "undertook a course of action that lacked legal basis with aforethought," by removing the case prior to the appeals process concluding.  However, because the Court has determined that removal was untimely, it does not reach the issue of ripeness and Plaintiff does not otherwise argue that an award of fees and costs is proper for the untimely removal.  Nor does the Court find that Defendant lacked any objectively reasonable basis for its arguments in favor of removal.  Therefore, Plaintiff's request for fees and costs will be denied.

## IV.   CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (Doc. 14) is **GRANTED in part** as set forth herein and **DENIED** in all other respects.

2. This case is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, Case Number 05-2023-CA-023809.

3. The Clerk is directed to terminate all other pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida on August 2, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record